Judgment reversed and new trial granted, costs to abide the event.

---

GEORGE W. DRUMHELLER, Appellant, *v.* THE CITY OF MOUNT VERNON, Respondent.

*Mount Vernon — employment of men to aid in the construction of a sewage disposal plant — they must be existing employees of the commissioner of public works.*

Section 122 of the charter of the city of Mount Vernon (Laws of 1892, chap. 182) provides: "The said commissioner of public works shall have the power to employ such men as may be required to perform any public work not done by contract and to discharge them, the number to be employed at any one time to be subject to the direction and control of the common council."

The common council of the city passed a resolution relative to a sewage disposal plant, and the employment of Snow and Barber, sanitary engineers, to design and supervise the construction thereof, which provided, among other things, as follows: "The said city to co-operate with the said Snow and Barber by furnishing such data and requisite assistance from the Department of Public Works and City Engineer and other city departments as the said engineers may call for, the services of the Corporation Counsel, and such labor and material and tools as may be needed in digging test-pits and other work where ordinary labor and tools are required."

Snow and Barber having made requisition upon the commissioner of public works for engineering assistants, one Drumheller, an employee of the commissioner, with the latter's knowledge, furnished such assistants at a cost of $765 from his private office force, and not from his assistants in the city's employment.

*Held*, that Drumheller was not entitled to recover such sum from the city;

That the resolution of the common council contemplated that the engineering assistance was to be furnished from the existing employees of the commissioner of public works;

That the fact that the engineering force was insufficient, owing to the pressure of other public work, did not justify the assumption of power to employ additional assistants.

APPEAL by the plaintiff, George W. Drumheller, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester upon the decision of the court rendered after a trial at the Westchester Special Term, dismissing the plaintiff's complaint upon the merits, and also from an order bearing date the 12th day of March, 1903, and entered in said clerk's office, denying the plaintiff's motion for a new trial made upon the minutes.

*Charles W. Sinnott* [*William A. Ferguson* with him on the brief], for the appellant.

*William J. Marshall*, for the respondent.

Judgment and order unanimously affirmed, with costs, upon the opinion of Mr. Justice GARRETSON.

· The following is the opinion of Mr. Justice GARRETSON delivered at Special Term:

GARRETSON, J.:

The plaintiff is not a city officer, but an employee of the commissioner of public works. It may be presumed that he acted at a fixed compensation, and with other employees of the commissioner was paid from a fund appropriated for the defraying of the expenses incident to the performance of the duties devolved upon that official. That the latter had not unlimited power to subject the city to such expense as he saw fit for the salaries and wages of his subordinates is inferable from section 122 of the charter of the city of Mount Vernon (Laws of 1892, chap. 182), which provides as follows: "The said commissioner of public works shall have the power to employ such men as may be required to perform any public work not done by contract and to discharge them, the number to be employed at any one time to be subject to the direction and control of the common council."

A resolution of the common council passed August 6, 1901, relative to a sewerage disposal plant and the employment of Snow and Barber, sanitary engineers, to design and supervise the construction thereof, provided, among other things, as follows: "The said city to co-operate with the said Snow and Barber by furnishing such data and requisite assistance from the Department of Public Works and City Engineer and other city departments as the said engineers

may call for, the services of the Corporation Counsel, and such labor and material and tools as may be needed in digging test-pits and other work where ordinary labor and tools are required."

Requisition having been made by Snow and Barber upon the commissioner for engineering assistants, the plaintiff, with the knowledge and consent of the commissioner, furnished such assistants from his private office force, and not from his assistants in the city's employ, and his disbursements for their wages amounting to $765 having been presented to and disallowed by the common council, he now brings this action to recover the amount.

A fair construction of the resolution of the common council leads to the conclusion that it was contemplated that the engineering assistance to Snow and Barber was to be furnished from the existing employees of the commissioner.

This view is confirmed by the language of section 122, above cited, which makes the number of the commissioner's employees subject to the direction and control of the common council.

To hold that the plaintiff can recover in this action and upon the ground of alleged equities arising in his favor because he has acted in good faith, and the city has had the benefit of his expenditures, would be to nullify the salutary provisions of the section, throw down the bar erected thereby and make the commissioner quite independent of the common council in the employment of his subordinates and the payment of their compensation.

There would thus be no limitation upon the commissioner's power to obligate the city.

That the engineering force of the commissioner was insufficient at the time, because of the pressure of other public work, did not justify the assumption of power to employ additional assistants, for it would have been but a simple matter for him to have brought the situation to the attention of the common council and left its solution with that body.

It must also be presumed that the plaintiff acted with full knowledge of the provisions of section 122 of the charter, which thus presented the question of power in his superior, and, therefore, his claim that the employment of additional assistants was a mere irregularity in municipal procedure cannot be sustained.

There should be judgment for the defendant, with costs.